### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

| | | |
|---|---|---|
| DEPUY SYNTHES SALES, INC. | : | Case No. 1:21-mc-11-MWM |
| | : | |
| Petitioner, | : | Judge Matthew W. McFarland |
| | : | |
| v. | : | |
| | : | |
| SMITH + NEPHEW, INC., | : | |
| | : | |
| Respondents. | : | |

---

### ORDER GRANTING MOTION TO DISMISS
### PETITIONER DEPUY SYNTHES SALES, INC.'S
### PETITION TO ENFORCE ARBITRATION SUBPOENA

---

This matter is before the Court on Respondent Smith + Nephew, Inc.'s ("Smith")

Motion to Dismiss Petitioner Depuy Synthes Sales, Inc.'s ("Depuy") Petition to Enforce

Arbitration Subpoena Against Non-Party Smith + Nephew, Inc.  (Doc. 11).  Depuy has

filed its Response in Opposition (Doc. 12), and Smith has filed its Reply brief (Doc. 13).

Because the underlying arbitration hearing began on September 27, 2021, the Court

issued a Notation Order on September 23, 2021 granting Smith's Motion to Dismiss and

denying Depuy's Petition.  Per that order, the Court issues this opinion and order.

Having carefully reviewed the briefing of the parties, the Court finds Smith's Motion to

be well-taken and will thus **GRANTS** it.

### FACTS AND PROCEDURAL HISTORY

Depuy filed a petition asking this Court to enforce an arbitration subpoena against

Smith (the "Petition").  (Doc. 2.)  According to the Petition, the arbitrator approved and

issued the subpoena to Smith ("Subpoena") on April 21, 2021.  (*Id.* at ¶ 19.)  The

Subpoena's caption identifies the administering body as "American Arbitration

Association, Indianapolis, Indiana."  (*See* Doc. 2-1, Subpoena, Pg. ID 13.)  The Subpoena

is addressed to Smith+Nephew, Inc., 150 Minuteman Road, Andover, Massachusetts

01810.  (*Id.*)  It reads in pertinent part as follows:

> **YOU ARE COMMANDED** to appear at 10 a.m. ET on May 12, 2021, at
> Blank Rome LLP, 1700 PNC Center, 201 East Fifth Street, Cincinnati, OH
> 45202, to testify at a deposition to be taken in the above-captioned
> arbitration proceeding. The deposition will be taken before a Notary Public
> or before some other officer authorized by law to administer an oath.  The
> deposition will be recorded by stenographic means.
>
> **YOU ARE FURTHER COMMANDED** to produce true and complete
> copies of the documents and other tangible items, including electronically
> stored information, listed on Exhibit "A" to this subpoena on May 5, 2021,
> at Blank Rome LLP, 130 N. 18th Street, Philadelphia, Pennsylvania 19103.

(*Id.* at Pg. ID 13-14.)

Smith initially refused to comply with the Subpoena and challenges its

enforceability in this matter.

## LAW AND ANALYSIS

Depuy directs the Court to § 7 of the Federal Arbitration Act ("FAA") as support

for its Petition.  Section 7 provides an arbitrator with authority to issue a subpoena in

certain circumstances:

> The arbitrators . . . may summon in writing any person to attend before
> them or any of them as a witness and in a proper case to bring with him or
> them any book, record, document, or paper which may be deemed material
> as evidence in the case. . . . Said summons shall issue in the name of the
> arbitrator or arbitrators, or a majority of them, and shall be signed by the
> arbitrators, or a majority of them, and shall be directed to the said person

2

and shall be served in the same manner as subpoenas to appear and testify before the court;

9 U.S.C.A. § 7.

Section 7 also provides an enforcement mechanism in the event of noncompliance:

> if any person or persons so summoned to testify shall refuse or neglect to obey said summons, upon petition the United States district court for the district in which such arbitrators, or a majority of them, are sitting may compel the attendance of such person or persons before said arbitrator or arbitrators, or punish said person or persons for contempt in the same manner provided by law for securing the attendance of witnesses or their punishment for neglect or refusal to attend in the courts of the United States.

(*Id.*)

According to Smith, this Court is the improper venue for Depuy to enforce the Subpoena and Depuy is not entitled to pre-hearing discovery, which is what Smith contends the Subpoena seeks.  The Court will address each point in turn below.

## A.    Improper Venue

Smith argues that the plain language of § 7 of the FAA requires that any enforcement action be brought in the jurisdiction where the arbitrator is sitting.  (*See* Motion, Doc. 11, Pg. ID 49.)  According to Smith, the place where the arbitrator is "sitting" is the place where the underlying arbitration is being administered.  (*Id.*)  Depuy sees it differently and argues that the arbitrator is "sitting" where the arbitrator is located generally.  (*See* Response, Doc. 12, Pg. ID 66.)  Depuy contends that place is Cincinnati because the arbitrator practices law and has an office in Cincinnati.

3

Both parties direct the Court to consider *Rembrandt Vision Techs. v. Bausch & Lomb, Inc.*, Civ. No. 1:11-cv-2829-JEC, 2011 WL 13319343, *1 (N.D. Ga. Oct. 7, 2011) in support of their respective arguments. In that case, the movant sought to enforce an arbitral subpoena against a non-party. The arbitration was being administered by the American Arbitration Association out of its offices in New York. *Id.* at *2. The arbitrators had issued a subpoena for the non-party to appear at its own offices (located in Georgia) to give testimony before one or more of the arbitrators. *Id.* at *1. When the non-party refused to comply with the subpoena, the movant filed a petition to enforce the subpoena in the Northern District of Georgia. Ultimately, that court denied the petition to enforce, finding that it lacked jurisdiction to do so because the Northern District of Georgia was not the district where the arbitrators were "sitting."

In reaching this conclusion, the court analyzed § 7 and concluded that the place where the arbitrator is sitting is not the place of production pursuant to the subpoena, but instead is "the place in which the arbitrators are sitting when a party is seeking to enforce a subpoena or in general, not the place in which the hearing where the nonparty was to respond to the subpoena in the past." *Id.* at *2. That court concluded that "the place where the arbitrators are sitting is New York." *Id.* at *3. In reaching this determination, the court emphasized that the arbitration was being administered in New York and the arbitrators were members of the New York bar. *Id.* Indeed, the arbitration had no connection with Georgia, as no other proceedings had occurred there. *Id.*

In analyzing this same question, multiple other courts have similarly concluded that the arbitrator "is sitting" where the underlying arbitration is being administered—

4

not the place of production.  *See Jones Day v. Orrick, Herrington & Sutcliffe LLP*, Case No. 21-mc-80181-JST, 2021 WL 4069753, *1 (N.D. Cal. Sept. 7, 2021) (concluding that the arbitral seat of the matter was Washington, D.C.—not San Jose, California where the hearing underlying the summons was to set be held); *Alliance Healthcare Servs. v. Argonaut Private Equity, LLC*, 804 F. Supp. 2d 808, 811-12 (N.D. Ill. 2011) (finding that "[b]ecause the arbitration proceeding is being conducted in Chicago, only a court in this district may enforce a subpoena issued by the arbitrators"); *Dynegy Midstream Servs. v. Trammochem*, 451 F.3d 89, 95 (2d Cir. 2006) (concluding that the arbitrators were sitting in the Southern District of New York, where the arbitration was being administered, not Houston, Texas, where the documents were to be produced).

Based on this case law, the Court concludes that the arbitrator is not sitting in the Southern District of Ohio.  First, and most importantly, the arbitration is being administered by the AAA in Indianapolis, Indiana.  (*See* Subpoena, Doc. 2-1, Pg. ID 13).  Neither party disputes, and another court has found, that the arbitration is to be held in Indiana.  Where the arbitrator maintains a law practice is irrelevant.  The focus is on the arbitration and the arbitrator's role as to the arbitration.  Thus, the arbitrator is sitting in Indianapolis, Indiana as it pertains to the administration of this arbitration.

Depuy's reliance on the physical location of the arbitrator when he signed the Subpoena or where the arbitrator has an office to determine the location of where the arbitrator "is sitting" for enforcement purposes has no support in the law.  First, while it is true that *Rembrandt* identified the jurisdiction where the arbitrators were members of the bar, it did so immediately following its identification that the arbitration was being

5

administered in New York—also where the arbitrators were members of the bar. *See Rembrandt*, 2011 WL 13319343, at *3. That court emphasized the lack of connection between the arbitration, the arbitrators, and the Northern District of Georgia. The Court does not read *Rembrandt* to hold that the jurisdiction where the arbitrator holds a bar membership or maintains his law practice is where he "is sitting" as it relates to the arbitration. Indeed, arbitrators may live or have offices in locations with no connection to where the underlying arbitration occurs. To hold that an arbitrator "is sitting" in a jurisdiction where he is a bar member and which may have no connection to the underlying arbitration bends the plain language of § 7 to its breaking point and creates no certainly as to the jurisdiction where enforcement may occur.

Additionally, Depuy attempts to distinguish certain caselaw based on the fact that the cases were decided before Federal Rule of Civil Procedure 45 was revised to provide for nationwide service. (Response, Doc. 12, Pg. ID 67.) However, Depuy does not explain why that revision affects the analysis of the appropriate jurisdiction for enforcement, and at least one court has determined that it does not. *See Managed Care Advisory Grp., LLC v. CIGNA Healthcare, Inc.*, 939 F.3d 1145, 1158 (11th Cir. 2019); *Jones Day*, 2021 WL 4069753, at *2. The Court agrees with this analysis and conclusion.

Depuy's reliance on *OBEX Group* is similarly misplaced, as the arbitration in that case was occurring in New York—the same place where the production was to be made. *See Wash. Nat'l Ins. Co. v. OBEX Grp. LLC*, 958 F.3d 126, 139 (2d Cir. 2019) (concluding that the arbitrators were sitting in New York when it was where the arbitration was to occur,

the production was to be made, and the hearing was to take place). Thus, *OBEX Group* does not support Depuy's position.

Accordingly, under these facts, the arbitrator was sitting in Indianapolis, Indiana, not Cincinnati, Ohio as it pertains to the underlying arbitration because that is where the arbitration was being administered. This is not the proper venue for Depuy to seek enforcement of this Subpoena.

## B.    Failure to State a Claim

Alternatively, here, even if venue were proper, the Court finds that Depuy's Petition must be dismissed because it seeks prehearing discovery, which is prohibited by the FAA. The plain language of § 7 is unambiguous: "[t]he arbitrators . . . may summon in writing any person *to attend before them or any of them as a witness* and in a proper case *to bring with him or them any book, record, document, or paper . . . .*" 9 U.S.C.A. § 7 (emphasis added).

Although there is a split of authority, majority of the courts that have spoken on this issue have concluded that section 7 forbids pre-hearing discovery, permitting only live testimony in front of the arbitrator at a hearing. *See Hay Grp., Inc. v. EBS Acquisition Corp.*, 360 F.3d 404, 407 (3d Cir. 2004) (Alito, J.) (holding that "Section 7's language unambiguously restricts an arbitrator's subpoena power to situations in which the non-party has been called to appear in the physical presence of the arbitrator and to hand over the documents at that time."). *See also Managed Care Advisory Grp., LLC*, 939 F.3d at 1159; *CVS Health Corp. v. Vividus, LLC*, 878 F.3d 703, 708 (9th Cir. 2017); *Life Receivables Tr. v. Syndicate 102 at Lloyd's of London*, 549 F.3d 210, 216 (2d Cir. 2008). In fact, only the Eighth

7

Circuit has permitted pre-hearing discovery. *See In re Sec. Life Ins. Co. of Am.*, 228 F.3d 865, 870-71 (8th Cir. 2000) (permitting the pre-hearing production of documents so that the party can review them prior to the hearing).

The Sixth Circuit has not weighed in on this issue. In *American Federation of Television & Radio Artists, AFL-CIO v. WJBK-TV (New World Communications of Detroit, Inc.)*, 164 F.3d 1004 (6th Cir. 1999), the court permitted pre-hearing discovery pursuant to Section 301 of the Labor Management Relations Act. *See id.* at 1009. However, the Sixth Circuit expressly limited its holding to that provision, as noted by the dissent. *See id.* at 1014 (recognizing that "the majority declined to address the application of the FAA to this case . . . ").

This Court agrees with the reasoning of the majority of courts to address this issue and finds that pre-hearing discovery is not permitted pursuant to the plain language of § 7 of the FAA. Having reviewed the Subpoena, that is exactly what Depuy seeks. Per the terms of the Subpoena, Depuy seeks Smith to appear "to testify at a deposition" . . . "before a Notary Public" and to bring documents with it. (*See* Subpoena, Doc. 2-1, at Pg. ID 13-14.) According to the face of the Subpoena, no arbitrator will be present at this deposition, which renders it impermissible under § 7. *See Hay Grp., Inc.*, 306 F.3d at 407; *Westlake Vinyls, Inc. v. Cooke*, Case No. 3:18-mc-000180DJH-LLK, 2018 WL 4868993, at *5 (W.D. Ky. Aug. 21, 2018).

Accordingly, the Subpoena seeks pre-hearing discovery, which is not permitted under § 7 of the FAA. The Court thus declines to enforce it.

## CONCLUSION

For the reasons discussed above, Smith's Motion to Dismiss (Doc. 11) is **GRANTED** and the Petition (Doc. 2) is **DENIED**.

**IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

By: _____

JUDGE MATTHEW W. McFARLAND